GARDNER v. REEDY.

1. LIMITATION OF ACTIONS—TAX SALE.—The two years limitation provided in Rev. Stat. 351, in which one claiming land may bring an action for it's possession against a purchaser in possession under a tax deed, where the sheriff did not take possession of the land before tax sale, does not begin to run until the purchaser is put in possession by the sheriff.
2. WAIVER.—The provisions of Rev. Stat., 352, cannot be invoked to show waiver of taxpayer's rights in suit against purchaser in possession under tax deed.

Before BUCHANAN, J., December, 1900. Affirmed.

Action by W. P. Gardner against James Reedy, A. M. Lofton, Jr., and their tenants. From judgment for plaintiff, defendants appeal.

*Mr. M. Rutledge Rivers,* for appellant, cites: *As to the construction of Rev. Stat., 351:* 10 S. E. R., 331; 16 S. E. R., 152; 22 S. E. R., 608; 106 U. S., 384; 177 U. S., 327; 35 S. E. R., 439; 22 Ark., 178; 10 S. E. R., 330; 32 S. E. R., 291. *Old action of ejectment is changed by Code:* 15 S. C., 273. *Mere irregularities do not avoid tax deed:* 18 S. E. R., 523; 27 S. E. R., 951. *Erroneous boundaries do not annul the deed:* 2 Brev., 402. *Not necessary to give purchaser possession to complete the sale:* 3 Wash. Real. Prop., 3 ed., 276; 27 S. C., 51.

*Messrs, Burke & Erckman* and *Dennis & Dennis,* contra, cite: *The two years cannot begin to run until purchaser is in possession under tax deed:* 44 S. C., 470; 31 S. C., 547.

February 25, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. Though there are numerous exceptions in this case, they are all dependent upon the question whether a defaulting taxpayer whose land was sold by the sheriff for the payment of taxes can maintain an action for the recovery of the land, or for the recovery of the possession thereof, unless it is brought within two years from the date of sale, although two years have not elapsed since the purchaser was put in possession of the land by the sheriff, who had failed to take exclusive possession when he levied upon the land. Section 351 of the Revised Statutes is as follows: "In all cases of sale, the sheriff's deed of conveyance, whether executed to a private person, a corporation or the sinking fund commission, shall be held and taken as *prima facie* evidence of a good title in the holder, and that all proceedings have been regular and all requirements of the law have been duly complied with. No action for the recovery of land sold by the sheriff under the provisions of this article or for the recovery of the possession thereof shall be maintained unless brought within two years from the date of said sale." In commenting on this section, Mr. Chief Justice McIver, speaking for the Court, uses the following language in *State* v. *Morrison,* 44 S. C., 470: "In the second place, it seems to us far from clear that under a proper construction of that clause of the statute fixing the two years limit, the time begins to run from the day that the sale is made; for it may well be argued that the true construction of that clause is that the two years commenced to run from the time when the sale is *consummated,* by the conveyance to the purchaser and by putting him in possession; for otherwise, by collusion between the sheriff and the purchaser, such delay might occur as would effectually exclude the claimant from asserting his claim, if it should be held that the two years commenced to run from the day of sale, without regard to the time when the same was consummated by conveyance and possession. Indeed, it is somewhat difficult to understand how any action could be commenced against a purchaser at a tax sale of land for

the recovery of the possession of said land unless the pur·chaser was in possession."

There are additional reasons why the doctrine just stated should prevail. When the statute provided that no action should be maintained unless brought within two years from the date of sale, it contemplated that the sheriff would at once put the purchaser in possession of the land, in which case the taxpayer's cause of action would accrue immediately. The statute did not intend to bar the taxpayer's right until he had two years within which he could bring his action. He could not bring his action until there was a person on the land withholding possession from him. As said by the Court in *Suber v. Chandler,* 18 S. C., 532, in order "to give currency to the statute, there must be a plaintiff who can sue and a defendant who can be sued." In the case of *Anderson* v. *Lynch,* 37 S. C., 535, it is said that in an action under the Code for the recovery of real property, it is not only necessary there should be a trespass, but it should be continued down to the time that the action is brought. As the plaintiff's cause of action did not accrue until the defendants were put in possession of the land, and as this action was commenced within two years thereafter, it was not barred by the provisions of the statute.

The provisions of section 352 of the· Revised· Statutes cannot be invoked for the purpose of showing waiver of the taxpayer's rights, and his admissions that the sheriff had taken and was in the exclusive possession of the land at the time of sale, as required by section 349 of the Revised Statutes, for the reason that section 352 is only applicable when the taxpayer is seeking the relief afforded by that section. *Bull* v. *Kirk,* 37 S. C., 395; *Wilson* v. *Cantrell,* 40 S. C., 133. The ruling of his Honor, the presiding Judge, accords with these conclusions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.