## 7201

### SMITH v. COX.

TAX SALE AND DEED—LIMITATION OF ACTIONS.—A sale of land under a tax execution issued on an assessment and execution against another than the owner is void, and the owner may bring suit for possession against the party in possession, having been placed in possession by the sheriff under such tax deed within ten years.

Before PRINCE, J., Florence, January, 1908. Affirmed.

Action by H. M. Smith against G. O. Cox. The Circuit decree is:

"At the recent fall term of Court of Common Pleas for Florence county the above entitled case was called for trial, and by consent of counsel it was marked 'heard' by the Court with leave to counsel to submit written argument.

The case had been, by consent, previously referred to J. W. McCown, as special referee, to take and report the testimony, a jury trial having been waived. The case has been considered by me on the pleadings and the testimony reported by the referee. This is an action at law to recover possession of real estate and for damages for its wrongful detention. In his complaint plaintiff alleges that he is the owner and entitled to the possession of that certain lot or parcel of land situate in the town of Florence, South Carolina, fronting on Marion street seventy-five (75) feet, having a depth of one hundred (100) feet, and having a rear width of only forty-nine (49) feet. Bounded on the south by Marion street, west by alley and on the north and east by lots now or formerly owned by Mrs. N. C. Crawford. He alleges that the defendant is now in possession of said premises and wrongfully withholds the possession which he refuses to surrender on demand to plaintiff. That since defendant has been in wrongful possession of said lot he has wrongfully collected and appropriated to his own use the sum of two hundred ($200) dollars, the reasonable rents and profits of said property. He prays for the recovery of said lot and two hundred ($200) dollars damages.

"In his answer the defendant first makes a general denial, and secondly, as a special defense, he alleges that the land described in the complaint was on first Monday in July, 1898, the same being a regular salesday, duly sold by the sheriff of said county of Florence, pursuant to an execution issued by the treasurer of said county to recover the State and county taxes duly assessed against said property for the year 1897, and at said sale this defendant became the purchaser thereof, and received the sheriff's tax deed therefor and went into possession of said land under said deed on July 8, 1898, having been placed in possession thereof by the said sheriff, of all of which the plaintiff had due notice. That although the said land was duly sold for taxes due thereon by the sheriff of Florence county, of which sale the

plaintiff had due notice, the plaintiff did not, within two years after defendant was put into possession of said land under said deed of the sheriff, bring this action for the recovery of said land so sold by the sheriff, as is provided by law, nor did he institute this action for the recovery of possession thereof within two years after the consummation of said sale. Wherefore he asks that the complaint be dismissed.

"From the evidence, I find as follows:

"On June 30, 1890, Margaret and Hattie Cooper conveyed the lot in question to the plaintiff by deed which was duly recorded. On July 27, 1891, plaintiff conveyed said lot to one Evander Palmer by deed duly recorded. On December 30, 1896, the said Evander Palmer reconveyed said lot to plaintiff by his deed which was duly recorded the same day, both in the auditor's office and in the R. M. C. office for Florence county. The evidence fails to disclose whether or not the auditor corrected the tax duplicate so as to conform to this change of ownership. It was his plain duty under section 366 of Civil Code, Vol. 1, to have made this change when he came to make up tax duplicate for the following year. That portion of section 366 which relates to the auditor's duty in this respect is as follows: 'That each county auditor shall keep a record of all sales or conveyances of real property made in his county in which he shall enter, in columns, the names of the purchaser and seller, the quality of land conveyed, the location and price of the same and therefrom correct the county duplicates annually: and, for the purpose of carrying out this provision the clerks of court or the register mesne conveyance of each county are hereby required to have the indorsement of the county auditor, on each and every conveyance for real property, that the same is on record in his office, before the same can be placed on record in the office of the said clerks of court or register mesne conveyance; and the said county auditor shall be entitled to collect a fee of twenty-five cents for his own use for making such entry and indorsement.' It is not

to be presumed that the county auditor in this instance assumed that the only purpose of requiring a deed of conveyance to pass through his office was to enable him to collect a charge of twenty-five cents, but the presumption is that he did his duty and made the change on his next year's tax duplicate so as to charge the tax for that year on said lot against plaintiff. The evidence, however, does show that plaintiff failed to make a return in January, 1897, and that the return for him was made by the board of assessors. This appears on the face of the return. This return lists three (3) lots in the town of Florence without describing or in any way locating them, so far as I can discover from the return. The presumption is that the board got its information as to these lots from the auditor's office. At least it was the duty of the auditor to have furnished the said board with such record information as his office disclosed. As we have already said, it is to be presumed that he did his duty. If plaintiff's 1897 return did not contain the lot in question, it was the auditor's duty to have corrected it. The testimony on behalf of plaintiff satisfies me that in January, 1897, at the time for making his return for taxes for that year, plaintiff owned only three (3) lots in the town of Florence, and that one of the three was the lot in question, and I so find. I further conclude that the lot in question was one of the three included in the return made for plaintiff for the year 1897 by the board of assessors, and I find that he paid the taxes assessed against him by said board for the year 1897. I further find that although Evander Palmer was not liable for taxes on said lot for the year 1897, as he had conveyed same in December, 1896, yet, through the negligence of the auditor, he seems also to have been charged in the tax duplicate for the year 1897 with taxes on this lot, and, failing to pay the taxes thus charged against him for said year, the treasurer issued his execution, which the sheriff levied upon the lot in question. Under such levy the lot was sold as the property of said Evander Palmer by the sheriff on salesday

in July, 1898, and purchased by the defendant, who was immediately by the sheriff put in possession of said lot, and has continued in possession thereof even until this date. I find further that plaintiff and defendant claim title through a common source. I find that the defendant was put in possession of said lot on or about July the 8th, 1898, and has since that time been collecting and enjoying the rents and profits thereof. That before defendant got possession of said lot it was renting for four ($4) dollars per month. After he got possession he made certain improvements and since then he has been collecting six ($6) dollars per month as rent for said property. I find that this action was commenced on the 9th day of August, 1901, more than three (3) years after defendant got possession under the sheriff's tax deed. I find that prior to sale of said lot by the sheriff, the sheriff was informed by one of plaintiff's representatives that the taxes had been paid on that lot by the plaintiff, but I also find that said representative took no other or further steps to have the sale stayed. The sale was evidently the result of the duplicate assessment, one against plaintiff, and the other against the said Evander Palmer, for the same property. I hold that plaintiff, having paid the assessment against him, was neither legally nor morally bound to pay the duplicate assessment against the said Palmer. I further hold that the taxes assessed against the said Palmer for the year 1897 were never a lien on the lot in question, and, that as plaintiff had paid the taxes assessed against him for said property, the taxes were not delinquent within either the spirit or the letter of the provisions of chapter 15, art. 4 of Civil Code, Vol. 1; that the treasurer was wholly without authority to issue an execution against this property for the failure of Palmer to pay the taxes assessed against him, and that the sheriff was wholly without authority to sell plaintiff's land under the execution issued by the treasurer for the payment of Palmer's taxes, even had said taxes been lawfully assessed against Palmer.

"I hold that this sale by the sheriff was not made under and pursuant to any of the provisions of article 4, chapter 15 of the Civil Code, and for that reason plaintiff's right of action is not barred under and by the provisions of section 426. This two years' statute of limitation is applicable only where lands are sold either for the non-payment of taxes, or for the alleged non-payment of taxes, by the owner of the property levied on and sold. Perhaps it might even be construed to cover a case where subsequent to the time of assessment, but prior to the time of payment, lands are sold for non-payment of taxes and conveyed to another. In such case the lands would necessarily be conveyed subject to the lien of the State and county for taxes. In the case under consideration, however, the land was conveyed by Palmer to the plaintiff in December, 1896, and a record of that fact was made in the auditor's office on the day of the transfer. This being the case, I hold that plaintiff may bring his action to recover said land at any time within ten years from the time that his right of action accrued. If I am right in this view, plaintiff's action was not barred by the Statute of Limitations, and he is entitled to recover of defendant the land in dispute and reasonable damages for its unlawful detention. In his complaint plaintiff alleges that the defendant had wrongfully collected rents and profits to the amount of two hundred ($200) dollars, and in the prayer of his complaint he asks for the recovery of two hundred ($200) dollars damages. The measure of his damages, in such case, would be the reasonable rents and profits of said property while in the wrongful possession of the defendant. I, however, do not think he is entitled to recover for any increase of rents due to the defendant's improvements of said property after taking possession thereof. I further find that four ($4) dollars per month would be a reasonable rental value of the said property recoverable by plaintiff from the defendant, and I hold that ordinarily in a case like this he would be entitled to recover this sum of four ($4) dollars per month

for every month since defendant has been in wrongful possession of said property until the date of this decree, but in this case the plaintiff has limited himself to the sum of two hundred ($200) dollars and cannot be allowed judgment for any greater sum than that demanded. The aggregate of this monthly rental will greatly exceed the sum demanded by plaintiff as damages. He has, however, fixed by his complaint the limit of his recovery in respect to damages."

From this decree, the defendant appeals.

*Mr. Walter H. Wells,* for appellant, cites: *Assessment:* Code, 1902, 271, 272, 366; 16 S. C., 46. *Sheriff's deed:* Code, 1902, 426; 62 S. C., 504; 70 S. C., 310; 80 S. C., 23. *Notice:* Code, 1902, 426, 427; 37 S. C., 395.

*Mr. W. F. Clayton,* contra. No citations.

May 25, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to recover possession of a tract of land, sold by the sheriff under an alleged delinquent land sale.

A trial by jury was waived.

The findings of fact by his Honor, the presiding Judge, are not subject to review by this Court, and his conclusions of law are affirmed for the reasons stated in his decree.