20744

Henry G. SCOTT and Janie Scott, Appellants, v. G. B. BOYLE, Respondent.

(246 S. E. (2d) 887)

*Jenkinson & Jenkinson,* Kingstree, *for appellants.*

*Connor & Connor,* Kingstree, *for respondent.*

August 15, 1978.

RHODES, Justice:

This is an action by the appellants to set aside a tax deed to a house and lot formerly owned by them in the Town of Kingstree. The lower court held that the action was barred by the two year statute of limitations relating to actions for the recovery of land sold at tax sales (§ 12-49-570 of the 1976 Code of Laws of South Carolina) and dismissed the complaint. We reverse.

The property in question was sold for delinquent municipal taxes on January 4, 1971. No levy was made on the property by the Chief of Police (who also served in the capacity of Tax Collector) nor did he go into possession of the premises either before or after the sale. The Chief of Police made a deed to the purchaser, Red Oak Lands, Inc. (Red Oak), on January 14, 1972. Red Oak did not go into physical possession of the property, but it did place a "For Sale" sign on the premises in 1974. On March 29, 1974, the property was deeded by Red Oak to the respondent, C. B. Boyle. The respondent is the daughter of the former President of Red Oak, and the record reflects that her role has been a totally inactive one with respect to this property.

The present action was instituted in January 1977. The complaint alleges that the tax title was null and void by reason of the fact that the Chief of Police did not levy upon and take exclusive possession of the property prior to sale as required by § 12-49-460 of the South Carolina Code of Laws (1976). The answer of the respondent contained a general denial and set up as a defense the above-referenced two year statute of limitations.

Section 12-49-570 of the Code imposes the following limitation on actions to recover land sold for taxes:

No action for the recovery of land sold by the sheriff under the provisions of this chapter or for the recovery of the possession thereof shall be maintained unless brought within two years from the date of such sale.

In *Leysath v. Leysath,* 209 S. C. 342, 40 S. E. (2d) 233, 236 (1946) the above provision was construed in the following manner:

It has been held that the two year limitation in our statute is 'a mere limitation on the assertion of a right of action existing at common law and independent of the statute' [citation omitted] which does not begin to run until the purchaser is put into possession.

The action of the lower court in dismissing the complaint was predicated on the finding that the respondent and her predecessor in title held possession of the property for more than two years prior to the commencement of this action. The appellants contend that the testimony in this case is insufficient to support the finding of possession and that the statute of limitations, therefore, never commenced to run against the property.

We have found no cases in this jurisdiction which define precisely what is meant by putting a purchaser into possession. We do have cases, however, which furnish some guidance on the question. The case of *Gardner v. Reedy,* 62 S. C. 503, 40 S. E. 947 (1902) dealt with this question in a factual context similar to the present one. *Gardner* involved an action brought by a defaulting taxpayer to set aside a sheriff's deed. This action was brought more than two years after the tax sale but less than two years after the purchaser was put into possession. In holding that the two year statute was not a bar to the action, this Court said:

When the statute provided that no action should be maintained unless brought within two years from the date of sale, it contemplated that the sheriff would at once put the purchaser in possession of the land, in which case the taxpayer's cause of action would accrue immediately. The statute did not intend to bar the taxpayer's right until he had two years within which he could bring his action. He could not bring his action until there was a person on the land withholding possession from him.
40 S. E. at 947-48.

The case of *Glymph v. Smith,* 180 S. C. 382, 185 S. E. 911 (1936) also involved a factual situation where a purchaser at a tax sale did not go into possession after the sale. It differs factually from the present case, however, in that the former owners remained in possession at all times. This Court stated:

Under previous decisions of this court and under the facts in this case this plea [the two year statute] is not available to the plaintiff. . . .

As we have already shown, the sheriff never took possession of the land before the tax sale, nor did he ever place the plaintiff in possession of it following the execution of the tax deed to him.
185 S. E. at 914.

We now examine the testimony, in which there is no material conflict, to determine whether it is sufficient to support the finding by the lower court. At the outset we are confronted with the undisputed fact that the Chief of Police, by his own admission, never levied on, seized, or went into possession of the property either before or after the sale. It is clear that the purchaser at the tax sale was never put into possession of the property at any point in time. The single physical contact which Red Oak had with the property is that it placed a "For Sale" sign on the property "sometime in 1974". The testimony does not indicate what length of time the sign remained erected on the premises. That this was the only step directed toward possession taken by Red Oak is confirmed by the testimony of one of its officers on cross examination:

Q. So it would be safe to say or fair to say that the only thing you have done to this property is at one time put up a 'For Sale' sign?
A. That is it.

Respondent takes the posititon that the fact appellants, through their attorney, wrote respondent in 1974 in an attempt to purchase a quit-claim deed to the property evidences acknowledgment of possession by the respondent. We feel that this circumstance simply reflects an effort to avoid a lawsuit by settlement and has no weight on the issue of possession. The respondent further takes the position that since the house was vacant during all periods under considera-

tion, and in a bad state of repair, a lesser degree of possession would be sufficient to establish her position than would otherwise be the case. Assuming this contention to be correct, we do not feel, however, that the minimal evidence of possession demonstrated in this case is sufficient to meet the standard of possession contemplated by the case law in this jurisdiction. It has often been stated that short statutes of limitation barring actions to recover land sold for taxes are not construed with that liberality exhibited toward the general statutes of limitation. 72 Am. Jur. (2d) § 1051, p. 318.

We are, therefore, of the opinion that the evidence is insufficient to support the finding of the lower court that the respondent and her predecessor in title have been in possession of the property in excess of two years. It follows that the statute of limitations is not a bar to this action and the dismissal of the complaint was in error.

Reversed and Remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.