0860

John L. GOOD, Appellant v. Odell KENNEDY, and John Doe, a fictitious person representing all and every person claiming any estate or interest in the real property described herein under Odell Kennedy, Defendants, of whom Odell Kennedy is the Respondent.

(352 S. E. (2d) 708)

Court of Appeals

*John Martin Foster,* Rock Hill, *for appellant.*

*William T. Toal,* Columbia, *for respondent.*

Heard Dec. 9, 1986.

Decided Jan. 12, 1987.

*Per Curiam:*

This appeal involves the question of whether the Tax Collector for the City of Chester used the best address

available in notifying Appellant John L. Good of his right to redeem property owned by him which had been sold at a tax sale. The trial court found that the Tax Collector complied with the applicable statute in notifying Good. We reverse.

The facts of this case are largely undisputed. On October 6, 1981 for a consideration of $14,000.00, Good received title to property located at 129 Caldwell Street, Chester, South Carolina by court deed. The deed was duly recorded in the Office of the Clerk of Court for Chester County on October 8, 1981. Good did not reside on the property and the deed indicated that his mailing address was Route 5, Box 137W, Chester, South Carolina.[1]

After the deed was recorded, the Tax Assessor for Chester County caused to be prepared a "property card" showing Good's correct mailing address. Sometime later, however, for reasons not apparent in the record, the Tax Assessor changed Good's mailing address to 129 Caldwell Street, the address of the property.[2] Good testified that he did not authorize this change of address. The Tax Assessor had no idea who may have authorized the change or the source of the information giving rise to the change.

The City of Chester utilizes the "Alternate Procedure for Collection of Property Taxes" as prescribed by Title 12, Chapter 51 of the Code of Laws of South Carolina, 1976. The only provision of Chapter 51 that Good claims the Tax Collector failed to comply with is Section 12-51-120 which, at all times pertinent to this appeal, read:

> Neither more than forty-five days nor less than twenty days prior to the end of the redemption period for real estate sold for taxes, the person officially charged with the collection of delinquent taxes shall mail a notice to the owner of record on February first immediately preceding the end of the redemption period at the *best address of such owner available to the person officially charged with the collection of delinquent taxes* that the real property described on the notice has been sold for

---

[1] As we read the record, this address was the correct mailing address for Good at all relevant times during the tax sale and redemption period.

[2] The County Tax Assessor testified that normally he changed addresses on his "property cards" pursuant to a request from the owner, but has done it based on other sources.

taxes and if not redeemed by paying.... (Emphasis added).

The 1981 City of Chester real property taxes were not paid; resulting in the property being sold by the City's Tax Collector to Respondent Odell Kennedy in October 1982 for the sum of $30.00. The sale was conditioned on Good's right to redeem the property for a period of eighteen months after the sale as provided by the above mentioned statute.

On or about February 1, 1984 and pursuant to Section 12-51-120, the City's Tax Collector sent a letter to Good at the address of the property, 129 Caldwell Street, advising him that he must redeem the property on or before April 1, 1984. The letter was returned with the notation "moved left no address." The record does not reflect that other efforts were made to locate Good's current mailing address and to mail him notice of the close of the redemption period. The Caldwell Street address was obtained from the "property card" found in the County Tax Assessor's Office which was customarily used by the City Tax Collector-for ascertaining the most current addresses for property owners.

Because no one redeemed the property within the statutory redemption period, the Tax Collector issued her deed to Kennedy on May 20, 1984. Good began this quiet title action in June 1984.

The trial judge held that the Tax Collector used the best address available to her in notifying Good of the close of the redemption period. He further held that it was reasonable for the Tax collector to rely upon the "property card" found in the County Tax Assessor's Office and that "it is patent that the last notation on the 'Property Card' is controlling, absent any evidence of deliberate falsification with the intent to defraud" which was not the case here. The trial judge concluded his order by stating that "all of the steps and procedures mandated by the appliable (sic) statutes were complied with" by the Tax Collector.

Good first argues that the trial judge was in error in holding that all applicable statutes had been complied with because only compliance with Section 12-51-120 was before the court. We do not read this holding as broadening the court's prior ruling that Section 12-51-120, the only statute applicable to the case before it, had been complied with.

Although Good makes several additional arguments in his brief, collectively they address only the issue of whether the Tax Collector complied with Section 12-51-120 in her attempt to notify Good of the close of the redemption period at the "best address available" to her.

An action to remove a cloud on and quiet title to land is one in equity. *Van Every v. Chinquapin Hollow, Inc.*, 265 S. C. 474, 219 S. E. (2d) 909 (1975). In an equity case we may find facts in accordance with our view of the preponderance of the evidence. From our review of the evidence, we find that the Tax Collector did not use the best address available to her in attempting to notify Good of the close of the redemption period. In so holding, we note first that Good paid the taxes on the Caldwell Street property for the years 1982 and 1983, but the record does not indicate to which address the notices were sent. Additionally, Good owned another property in Chester and has paid taxes on it each year since 1978. Good's uncontradicted testimony is that he had never used the Caldwell Street address as his address except for allowing his tenant's electrical bill to come in his name to that address because the tenant was not financially able to obtain electricity in his own name.

Numerous authorities have held that while statutory provisions which are intended merely for the convenience of taxing officers in the conduct of sales need not be strictly complied with, *see, Walker v. Harris*, 170 S. C. 242, 170 S. E. 270 (1933), the law is otherwise as to provisions intended for the protection of the taxpayer. *Osborne v. Vallentine*, 196 S. C. 90, 12 S. E. (2d) 856 (1941); *Southern Region Industrial Realty, Inc. v. Timmerman*, 285 S. C. 142, 328 S. E. (2d) 128 (Ct. App. 1985.)

Although we can locate no South Carolina case dealing with the point raised in this appeal, the general law is that wnere a statute requires as a condition precedent to foreclosing a taxpayer's rights in property sold for taxes that he be given notice of his right to redeem, such a requirement is "generally regarded as jurisdictional, and therefore, the owner's right of redemption cannot be cut off unless the required notice is given." 72 Am. Jur. (2d) *State and Local Taxation* Section 1010 (1974); *accord,* 85 C.J.S. *Taxation* Section 859 (1954). Moreover, where a statute permits the

giving of such notice by mail, the person authorized to send the notice must exercise diligence to ascertain the correct address of the property owner. 85 C.J.S. *Taxation* Section 868 (1954).

We hold that under the facts of this case, the Tax Collector did not exercise diligence in attempting to furnish Good notice of the close of the redemption period. Though diligence is a relative term depending upon the circumstances of each case, we hold that it imparts upon a public official due care in the performance of her duties. *See generally,* 12A Words and Phrases *Diligence* (1954). Regardless of whether due diligence required resort to records other than the Tax Assessor's to ascertain where to send the notice of redemption initially, it should have become evident to the Tax Collector that such address was not the best available address for Good when the notice was returned undelivered.

It would be most unfair to Good to deprive him of property presumably worth $14,000.00 for his mere failure to pay taxes and costs of $30.00 where, as here, he furnished the Tax Collector and all other interested parties with his correct address as required by Section 30-5-35, Code of Laws of South Carolina, 1976, as amended, by placing it on his deed. He should not be penalized if an incorrect address was placed on the County Tax Assessor's records unbeknownst to him. Moreover, we think that the exercise of due diligence by the Tax Collector would have uncovered Good's correct address.

Accordingly, the order of the trial court is

Reversed.