2557

Ruby E. BENTON, Respondent v. Joy LOGAN, Treasurer of Beaufort County, South Carolina; and Tidewater Investments, a Partnership, Defendants, of whom Tidewater Investments, a Partnership, is the Appellant.

(474 S.E. (2d) 446)

Court of Appeals

*J. Ray Westmoreland,* of Hilton Head; and *David L. Tedder,* of *Daugs, Logan, Tedder, & Abendroth,* of Beaufort, *for appellant.*

*James A. Grimsley, III,* of *Davis, Tupper, Grimsley & Seelhoff,* of Beaufort, *for respondent.*

Submitted Aug. 1, 1996.

Decided Aug. 19, 1996.

GOOLSBY, Judge:

This is an appeal by Tidewater Investments from an order of the trial court that voids a tax deed by which the Beaufort County Treasurer conveyed certain real property owned by Ruby E. Benton to Tidewater for nonpayment by Benton of real estate taxes. We affirm.[1]

Benton purchased the subject property, which is located in Beaufort County, in 1967. Because she did not pay the 1991 real estate taxes assessed against the property, the Beaufort County Treasurer commenced proceedings to have the property sold to satisfy the tax lien. The treasurer sold it on October 5, 1992, to Tidewater and on January 27, 1994, conveyed title to Tidewater.

In 1988, Benton moved from the subject property to her grandson's residence at 4046 Shell Point Road in Beaufort. Thereafter, in August 1990, she moved to a nursing center where she remained until, during the pendency of this action, she died in 1994. On January 23, 1990, Benton executed a durable power of attorney in favor of her grandson, Dennis Lloyd Hampton. He thereupon began handling all her personal affairs, including paying her bills and maintaining her property, and he notified South Carolina Electric and Gas

---

[1] Because oral argument would not aid the court in resolving any issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

Company, Palmetto Federal, Blue Cross and Blue Shield, among others with whom she did business of her new address on Shell Point Road. Hampton's wife provided a forwarding order with the post office for Benton's mail in 1989.

The tax records reflected only one address for Benton, 2409 Duncan Drive, Beaufort, South Carolina. The records kept by the Beaufort County Assessor did not include a change of address form forwarded by either Benton or her grandson. The treasurer sent all certified mailings to the Duncan Drive address. The postal service, however, returned all certified mailings to the treasurer indicating either the forwarding order had "expired" or the mailings had been "unclaimed." The treasurer made no effort to inquire of the post office of the availability of a record of Benton's forwarding address.

The taxes were paid for all years up to and including 1990. The 1990 tax bill gave the Duncan Drive address as the taxpayer's address. Benton resided in the nursing center when her grandson paid the 1990 tax bill. The check used to pay the 1990 tax bill gives "4046 Shell Pt. Road, Beaufort, SC 29902" as Benton's address.

At trial, Benton's grandson testified he never saw a tax bill for 1991 on the subject property. He also testified he put with the check used to pay Benton's 1990 tax payment a note that highlighted Benton's change of address to his personal residence. A copy of the note was not introduced and the deputy assessor could find no such note.

The treasurer sent the notice of the right to redeem by certified mail to the only address available to the treasurer, the Duncan Drive address. When no one claimed the certified mail, the postal service returned the notice to the treasurer.

The trial court based its decision to void the deed on the ground the notation on the returned envelope "FORWARDING ORDER EXPIRED" put the treasurer on notice that Benton had a more recent and better address than that which the treasurer had and thus required the treasurer to make further inquiry for the better address to which to send the redemption notice. Because the treasurer failed to exercise due diligence to ascertain the best available address, the trial court held Benton's right of redemption had not been cut off pursuant to the provisions of S.C. Code Ann. § 12-51-90 (1985), as amended.

## ISSUE

Whether the treasurer exercised due diligence in determining a taxpayer's best address when the treasurer is notified that a forwarding order for the address to whom the treasurer has mailed the required notice of redemption has expired.

## DISCUSSION AND ANALYSIS

The statute in issue, S.C. Code Ann. § 12-51-120 (1985) provides as follows:

> Neither more than forty-five days nor less than twenty days prior to the end of the redemption period for real estate sold for taxes, the person officially charged with the collection of delinquent taxes shall mail a notice by "certified mail, return receipt requested—deliver to addressee only" to the owner of record immediately preceding the end of the redemption period at the *best address* of the owner *available* to the person officially charged with the collection of delinquent taxes that the real property described on the notice has been sold for taxes and if not redeemed by paying taxes, assessments, penalties, costs and eight percent interest on the bid price . . ., a tax title will be delivered to the successful purchaser at the tax sale. Under this chapter, the return of the certified mail "undelivered" is not grounds for a tax title to be withheld or be found defective and ordered set aside or canceled of record.

(Emphasis added.)

This court dealt with the quoted code section in *Good v. Kennedy*, 291 S.C. 204, 352 S.E. (2d) 708 (Ct. App. 1987). We held that where a statute requires notice to the owner as a condition precedent to foreclosure of a tax lien, "the person authorized to send the notice must exercise diligence to ascertain the correct address of the property owner." *Id.* at 208, 352 S.E. (2d) at 711. Whether the authorized person had exercised diligence depends upon the particular circumstance of each case. *Id.* We held in *Good* the person authorized to give notice to the owner in that case did not exercise diligence because "it should have become evident to the Tax Collector that [the address he sent notice to] was not the best available address for

[the owner] when the notice was returned undelivered." *Id.*

*Good* controls the result we reach here. When the treasurer received back the envelope marked "Forwarding Order Expired," it was quite apparent that Benton had a better address than the one to which the treasurer had sent the notice. We therefore hold the exercise of due diligence under the circumstances of this case required some further inquiry.

Affirmed.

HUFF and HOWARD, JJ., concur.