740 S.E.2d 504

**Robert E. REEPING and Annette Reeping, Appellants,**

**v.**

**JEBBCO, LLC, SASSCO, LLC, John F. Brailsford, Jr., and County of Orangeburg Delinquent Tax Office, Respondents.**

Appellate Case No.2012–208226.

No. 5102.

Court of Appeals of South Carolina.

Heard Feb. 13, 2013.

Decided March 20, 2013.

W. Scott Palmer, of Santee, for Appellants.

Robert F. McCurry, Jr., of Horger Barnwell & Reid, LLP, of Orangeburg, for Respondents.

KONDUROS, J.

Robert and Annette Reeping appeal the master-in-equity's denial of their request to set aside the tax sale of their real property in Orangeburg County. We reverse.

## FACTS/PROCEDURAL HISTORY

The Reepings purchased the subject property, located in Eastern Orangeburg County on the shore of Lake Marion, in 1999. They have never resided in South Carolina, and at the time of the purchase of the property, they were citizens and residents of Maryland.

In 2005, the Reepings moved to Delaware. The Reepings' address was RD2, Box 154D, Frankford, DE 19945. They notified the Orangeburg County Assessor's office, and the tax records were amended to reflect the address change. At the time, the State of Delaware was in the process of changing addresses from a rural route system to a 911 system. The Reepings were assigned the new address of 36818 Double Bridges Road, Frankford, DE 19945.

In late 2005, the Orangeburg County Treasurer sent a tax notice for the property to the Reepings at their rural route address. The notice was forwarded to their 911 address by the local post office. The Reepings sent a check for the tax payment in the amount $1,367.10 to the Orangeburg County Treasurer's Office. The check was clearly printed with the new 911 address; however, the account was entitled "Household Account for Bella Chiavari." In addition, Mrs. Reeping testified her husband included a handwritten post-it note to

inform the taxing authority their address had changed. The Treasurer's Office subsequently issued a tax receipt and negotiated the check.

On May 14, 2007, the County of Orangeburg sent to the Reepings' rural route address a certified letter informing the addressee the 2006 taxes remained unpaid, and if they were not paid, the property would be sold at a tax sale. This certified notice was returned to the Orangeburg County Delinquent Tax Office by the post office in Delaware marked "undeliverable and no such number." The certified envelope was also hand marked with the Reepings' new 911 street address. This handwritten address correction appeared both on the face of the envelope and also on the reverse side on the certified mail green card. Apparently, this envelope was placed in the Delinquent Tax Collector's file, but the Reepings' account was never corrected to reflect the correct address.

Several other notices were sent to the previous rural route address, but the Reepings received none of them. A tax sale took place on December 3, 2007, and the Delinquent Tax Collector for Orangeburg County issued a tax deed on December 4, 2008, to John F. Brailsford, Jr. in the name of JEBB-CO, LLC, and SASSCO, LLC, two limited liability companies owned and operated by Brailsford. In 2009, Mrs. Reeping learned the property had been sold when she was contacted by a company offering to help her collect the excess monies from the sale.

The master determined the notice given to the Reepings sufficiently complied with the statutory notice requirements and the statute of limitations affecting actions to set aside tax sale deeds was applicable thereby barring their action. This appeal followed.

## STANDARD OF REVIEW

"An action to set aside a tax sale lies in equity." *King v. James,* 388 S.C. 16, 24, 694 S.E.2d 35, 39 (Ct.App. 2010). "Our scope of review for a case heard by a[m]aster permits us to determine facts in accordance with our own view of the preponderance of the evidence." *Id.*

## LAW/ANALYSIS

### I. Conduct of the Tax Sale[1]

■ The Reepings contend the master erred in finding the delinquent tax office had complied with the statutory notice requirements for a valid tax sale. We agree.

■ "Tax sales must be conducted in strict compliance with statutory requirements." *In re Ryan Inv. Co.*, 335 S.C. 392, 395, 517 S.E.2d 692, 693 (1999) (citing *Dibble v. Bryant*, 274 S.C. 481, 483, 265 S.E.2d 673, 675 (1980)). "[A]ll require-ments of the law leading up to tax sales which are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded [as] mandatory and are to be strictly enforced." *Donohue v. Ward*, 298 S.C. 75, 83, 378 S.E.2d 261, 265 (Ct.App.1989) (citing *Osborne v. Vallentine*, 196 S.C. 90, 94, 12 S.E.2d 856, 858 (1941)). "Failure to give the required notice is a fundamental defect in the tax sale proceedings which renders the proceedings absolutely void." *Rives v. Bulsa*, 325 S.C. 287, 293, 478 S.E.2d 878, 881 (Ct.App. 1996).

Section 12–51–40(a) of the South Carolina Code (Supp.2012) dictates how notice of delinquent taxes must be made to the taxpayer.

> On April first or as soon after that as practicable, mail a notice of delinquent property taxes, penalties, assessments, and costs to the defaulting taxpayer and to a grantee of record of the property, whose value generated all or part of the tax. The notice *must be mailed to the best address available*, which is either the address shown on the deed conveying the property to him, the property address, *or other corrected or forwarding address of which the officer authorized to collect delinquent taxes, penalties, and costs has actual knowledge*. The notice must specify that if the taxes, penalties, assessments, and costs are not paid, the property must be advertised and sold to satisfy the delin-quency.

(emphases added).

■ "[W]here a statute requires notice to the owner as a condition precedent to foreclosure of a tax lien, 'the person

---

1. This discussion combines the Reepings' first and second issues on appeal.

authorized to send the notice must exercise diligence to ascertain the correct address of the property owner.' " *Benton v. Logan,* 323 S.C. 338, 341, 474 S.E.2d 446, 447 (Ct.App.1996) (quoting *Good v. Kennedy,* 291 S.C. 204, 208, 352 S.E.2d 708, 711 (Ct.App.1987)). "Whether the authorized person ha[s] exercised diligence depends upon the particular circumstance of each case." *Id.*

In this case, the Delinquent Tax Office was put on actual notice the Reepings were not receiving mail at their former rural route address and were provided with their new address on a returned envelope that twice noted the new 911 address. While that notation did not bear the city, state, and zip code, a minimal amount of diligence could have uncovered their city, state, and zip code had not changed. Based on the evidence presented, we conclude the Delinquent Tax Office failed to use the best address to provide notice to the Reepings in violation of the statutory notice requirements rendering the tax sale void.

## II. Statute of Limitations[2]

The Reepings further argue the master erred in finding their action was barred by the statute of limitations. We agree.

Section 12–51–160 of the South Carolina Code (Supp.2012) provides:

> In all cases of tax sale the deed of conveyance, whether executed to a private person, a corporation, or a forfeited land commission, is prima facie evidence of a good title in the holder, that all proceedings have been regular and that all legal requirements have been complied with. An action for the recovery of land sold pursuant to this chapter or for the recovery of the possession must not be maintained unless brought within two years from the date of sale as provided in Section 12–51–90(C).

In *Leysath v. Leysath,* 209 S.C. 342, 40 S.E.2d 233 (1946), the Supreme Court of South Carolina discussed the application of this statute of limitations.

---

**2.** This discussion combines the Reepings' third and fourth issues on appeal.

It appears to be the general rule that a short statute of limitation of the kind under consideration does not apply where, by reason of some jurisdictional defect, the tax deed is absolutely void upon its face; and perhaps the majority of the courts hold that the bar of the statute does not apply if there are jurisdictional or fundamental defects in the tax proceedings which render such proceedings absolutely void. However, in some jurisdictions a statute of this kind is more liberally construed in favor of the purchaser, and it is held that the statute applies in every case in which there has been possession under a deed which is not void on its face. But the courts following the majority rule are not in entire accord as to the jurisdictional grounds which render a tax deed absolutely void. In some states defects which in others are deemed jurisdictional are considered mere irregularities....

....

... We do not undertake to lay down a general rule defining those defects in tax proceedings which should be considered as mere irregularities, to which the statute under consideration would apply, and those which should be deemed jurisdictional, so as to render the statute inapplicable.

*Id.* at 349–51, 40 S.E.2d at 236–37.

This court considered a notice issue in *Donohue v. Ward,* 298 S.C. 75, 378 S.E.2d 261 (Ct.App.1989), and determined it was the kind of jurisdictional defect that rendered the statute of limitations inapplicable.

The next question presented is whether failure to give the required notice constitutes more than a mere irregularity the effect of which invalidates the tax proceeding and prevents the running of the limitations statute. It is stated "all requirements of the law leading up to tax sales which are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded mandatory and are to be strictly enforced." *Osborne v. Vallentine,* 196 S.C. 90, 94, 12 S.E.2d 856, 858 (1941); *accord, Leysath v. Leysath,* 209 S.C. 342, 40 S.E.2d 233 (1946). We think the Legislature in requiring the Treasurer of Horry County to give a twenty day notice prior to advertising the property

for sale intended such provision for the protection of the taxpayer against a sacrifice of his property. We therefore hold that failure to give the required notice is a fundamental defect in the tax proceedings which renders the proceedings absolutely void.

*Id.* at 83, 378 S.E.2d at 265.

Based on the analytical framework set forth in *Leysath* and its application in *Donohue,* we conclude the statute of limitations did not preclude the Reepings' claim in this case as the failure to give proper notice rendered the tax sale void.

## CONCLUSION

Based on all of the foregoing, the ruling of the master is **REVERSED.**

HUFF and WILLIAMS, JJ., concur.