**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Robert C. Schivera, Executor of the Estate of Fred J. Hughes, III, Respondent,

v.

C. Russell Keep, III, Esquire and Rhonda Mitchell, Jasper County Tax Collector, Defendants,

Of whom C. Russell Keep, III, Esquire is the Appellant.

Appellate Case No. 2014-000823

———————————

Appeal From Jasper County
Carmen T. Mullen, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-384
Submitted June 1, 2015 – Filed July 29, 2015

———————————

**AFFIRMED**

———————————

Charles Russ Keep, III, of Keep Law Office, of Hilton Head Island, pro se.

R. Thayer Rivers, Jr., of R. Thayer Rivers, Jr. Law Office, of Ridgeland, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Gadson v. Hembree*, 364 S.C. 316, 320, 613 S.E.2d 533, 535 (2005) ("An appellate court reviews the granting of summary judgment under the same standard applied by the trial court."); *id.* ("Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."); *Donohue v. Ward,* 298 S.C. 75, 83, 378 S.E.2d 261, 265 (Ct. App.1989) ("[A]ll requirements of the law leading up to tax sales which are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded mandatory and are to be strictly enforced."); *Rives v. Bulsa*, 325 S.C. 287, 293, 478 S.E.2d 878, 881 (Ct. App. 1996) ("Failure to give the required notice is a fundamental defect in the tax proceedings which renders the proceedings absolutely void."); S.C. Code Ann. § 12-51-40(a) (2014) (requiring the officer authorized to collect delinquent taxes to mail a notice of delinquent property taxes to the taxpayer at the best address available); *id.* (stating the "best address available" means "either the address shown on the deed conveying the property to [the defaulting taxpayer or a grantee of record], the property address, or other corrected or forwarding address of which the officer authorized to collect delinquent taxes, penalties, and costs has actual knowledge"); *Reeping v. JEBBCO, LLC*, 402 S.C. 195, 200, 202, 740 S.E.2d 504, 506-07 (Ct. App. 2013) (holding the delinquent taxpayer's claim was not barred by the statute of limitations because the tax collector's failure to mail tax notices to the best address available was a fundamental defect, which rendered the tax sale void).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.