**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Francisco Nicolas Miguel, Respondent,

v.

Palmetto Asset Investments, LLC, Gabriel Angel Prestegui Gomez, and A. Kevin Hunter, II, Greenville County Tax Collector, Defendants,

of which Palmetto Asset Investments, LLC is the Appellant.

Appellate Case No. 2020-000390

---

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

---

Unpublished Opinion No. 2022-UP-231
Submitted May 1, 2022 – Filed June 1, 2022

---

**AFFIRMED**

---

Jeffrey T. Spell, of Charleston, for Appellant.

Max Thomas Hyde, Jr., of Hyde Law Firm, P.A., of Spartanburg, and Ryan Edward Gaylord, of Spartanburg, both for Respondent.

---

**PER CURIAM:** Palmetto Asset Investments, LLC (Appellant) appeals the master-in-equity's order granting summary judgment to taxpayer Francisco Nicolas Miguel (Respondent) and voiding a tax sale and deed. On appeal, Appellant argues the master erred in finding notice was not given to Respondent at his best address as required by statute. We affirm.

We hold the master did not err in granting summary judgment to Respondent and voiding the tax sale and deed. *See Gadson v. Hembree*, 364 S.C. 316, 320, 613 S.E.2d 533, 535 (2005) ("Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."); *Reeping v. JEBBCO, LLC*, 402 S.C. 195, 199, 740 S.E.2d 504, 506 (Ct. App. 2013) ("[A]ll requirements of the law leading up to tax sales which are intended for the protection of the taxpayer against surprise or the sacrifice of his property are to be regarded [as] mandatory and are to be strictly enforced." (alterations in original) (quoting *Donohue v. Ward,* 298 S.C. 75, 83, 378 S.E.2d 261, 265 (Ct. App.1989))); *Rives v. Bulsa*, 325 S.C. 287, 293, 478 S.E.2d 878, 881 (Ct. App. 1996) ("Failure to give the required notice is a fundamental defect in the tax proceedings which renders the proceedings absolutely void."); *Reeping*, 402 S.C. at 199-200, 740 S.E.2d at 506 (holding the tax collector "must exercise diligence to ascertain the correct address of the property owner" (quoting *Benton v. Logan*, 323 S.C. 338, 341, 474 S.E.2d 446, 447 (Ct. App. 1996))); S.C. Code Ann. § 12-51-40(a) (2014) (requiring the tax collector to mail a notice of delinquent property taxes to the taxpayer at the best address available); *id.* (stating the "best address available" means "either the address shown on the deed conveying the property to [the taxpayer], the property address, or other corrected or forwarding address of which the [tax collector] has actual knowledge"); S.C. Code Ann. § 12-51-40(b) (2014) (authorizing the tax collector to take exclusive possession of the property by mailing a notice to the taxpayer "at the address shown on the tax receipt or to an address of which the officer has actual knowledge, by 'certified mail, return receipt requested-restricted delivery'"); S.C. Code Ann. § 12-51-120 (2014) (requiring the tax collector to send the taxpayer a notice of the approaching end of the redemption period by "certified mail, return receipt requested-restricted delivery" to the best address available). Here, the tax collector failed to use diligence in ascertaining Respondent's correct address. Therefore, the tax sale to Appellant was void because the tax collector failed to comply with the statutory requirement that notice of the delinquent taxes be mailed to the best available address.

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.