702 S.E.2d 629

Earl J. REYNOLDS and Anna Reynolds,
Petitioners Below, Appellants

v.

Jerry I. HOKE, Sr., Respondent
Below, Appellee.

No. 35442.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 15, 2010.

Decided Oct. 28, 2010.

John H. Bryan, Esq., Union, WV, Attorney
for Earl J. and Anna Reynolds, Appellants.

Jeffry A. Pritt, Esq., Union, WV, Attorney
for Jerry I. Hoke, Sr., Appellee.

PER CURIAM:

The appellants, Earl J. Reynolds and Anna
Reynolds, appeal the July 1, 2009 order of
the Circuit Court of Monroe County that
granted summary judgment to the appellee,

Jerry I. Hoke, Sr., in the appellants' action to set aside a tax deed that vested title to the subject real property in the appellee. For the reasons set forth below, this Court finds the circuit court's ruling to be in error. Accordingly, we reverse the circuit court's order and we remand for proceedings consistent with this opinion.

## I.

## FACTS

A thumbnail sketch of the relevant facts is as follows. Title to the subject property in Monroe County was originally vested in Bill and Rose Reynolds. After taxes on the land became delinquent for the 2005 tax year, the tax lien on the property was sold to the appellee, Jerry I. Hoke, Sr., at the county sheriff's tax sale on October 24, 2006 for the sum of $3,000.00.[1] Upon purchasing the tax lien, the appellee received a certificate of sale which was issued by the sheriff pursuant to W. Va.Code § 11A–3–14 (1998).[2] The sheriff's certificate of sale given to the purchaser listed "REYNOLDS BILL ET UX" and "BEVERLY HAYNES" as the taxpayers on the subject property.

On December 2, 2007, the appellee made an application for a tax deed on the land he purchased at the sheriff's tax sale. The appellee subsequently filed a list of persons who may have an interest in redeeming the property accompanied by an invoice with legal services rendered in connection with a title examination with the Clerk of the County Commission of Monroe County[3] (hereinafter "county clerk").

Thereafter, the county clerk published a notice to redeem the land in the local newspaper for three consecutive weeks. The notice to redeem was addressed to "Bill Reynolds and Rose Reynolds, The Unknown Heirs and Creditors of Bill Reynolds and Rose Reynolds." The appellee also mailed a notice of the right of redemption via certified mail to Bill and Rose Reynolds and to Beverly Haynes.[4] Ms. Haynes accepted and signed for both the notice mailed to Bill Reynolds and Rose Reynolds and the notice mailed to her. The property was not redeemed. On

1. See W. Va.Code § 11A–3–5 (2000) (providing in part that "[t]he tax lien on each unredeemed tract or lot, or each unredeemed part thereof or undivided interest therein shall be sold by the sheriff ... at public auction to the highest bidder, between the hours of nine in the morning and four in the afternoon on any business working day after the fourteenth day of October and before the twenty-third day of November").

2. This code section was amended in 2010. This opinion cites to the 1998 version because that version was in effect during the underlying proceedings.

3. W. Va.Code § 11A–3–19(a) (1998) sets forth what the tax lien purchaser must do before he can secure a deed to the property as follows:

(a) At any time after the thirty-first day of October of the year following the sheriff's sale, and on or before the thirty-first day of December of the same year, the purchaser, his or her heirs or assigns, in order to secure a deed for the real estate subject to the tax lien or liens purchased, shall: (1) Prepare a list of those to be served with notice to redeem and request the clerk [of the county commission] to prepare and serve the notice as provided in sections twenty-one [§ 11A–3–21] and twenty-two [§ 11A–3–22] of this article; (2) provide the clerk with a list of any additional expenses incurred after the first day of January of the year following the sheriff's sale for the prepa- ration of the list of those to be served with notice to redeem including proof of the additional expenses in the form of receipts or other evidence of reasonable legal expenses incurred for the services of any attorney who has performed an examination of the title to the real estate and rendered a written opinion and certification thereon; (3) deposit, or offer to deposit, with the clerk a sum sufficient to cover the costs of preparing and serving the notice; and (4) present the purchaser's certificate of sale, or order of the county commission where the certificate has been lost or wrongfully withheld from the owner, to the clerk of the county commission. For failure to meet these requirements, the purchaser shall lose all the benefits of his or her purchase.

This code section was amended in 2010. This opinion cites to the 1998 version which was in effect at the time of the underlying proceedings.

4. W. Va.Code §§ 11A–3–21 and 11A–3–22 provide for the notice to redeem the property and service of the notice to redeem. In addition, W. Va.Code § 11A–3–23(a) (1998) indicates, in part, that "[a]fter the sale of any tax lien on any real estate pursuant to section five [§ 11A–3–5] of this article, the owner of, or any other person who was entitled to pay the taxes on, any real estate for which a tax lien thereon was purchased by an individual may redeem at any time before a tax deed is issued for the real estate." This code section was amended in 2010.

April 15, 2008, the County Commission of Monroe County, by its clerk, conveyed the land to the appellee by a tax deed.

On June 23, 2008, the appellants filed a petition to set aside the appellee's tax deed. The appellants asserted that as persons with a redeemable interest in the property, they were not notified by the appellee of their right to redeem the property. Furthermore, the appellants claimed that the appellee failed to properly examine the title to the property in order to ascertain the names of all individuals with an interest in the property.

The appellants' claim to the property arises out of a quitclaim deed executed to them pursuant to a settlement agreement between Beverly Haynes and the appellants, resolving a lawsuit involving the Estate of Bill Reynolds filed in Boone County.[5] As a result of the settlement agreement, Beverly Haynes conveyed the property by quitclaim deed to the appellants. The first paragraph of the deed provides that "[t]his QUIT-CLAIM DEED made and entered into this 8th day of February 2006, by and between BEVERLY HAYNES, grantor, party of the first part, and ANNA REYNOLDS and EARL J. REYNOLDS, Grantees, parties of the second part." The body of the deed stated that this was a conveyance of the property in the estate of Bill Reynolds. This quitclaim deed was recorded in the office of the Clerk of the County Commission of Monroe County on June 7, 2006, by the appellant, Earl J. Reynolds, which was approximately four and one-half months before the subject property was sold at the sheriff's tax sale.

On July 14, 2008, the appellee filed a response to the appellant's petition to set aside the tax deed in which he asserted that the appellants are not record owners of the property and therefore not entitled to relief. The appellee also averred that he complied with all statutory provisions applicable to tax deeds. The appellee subsequently filed a motion for summary judgment to which the appellants responded. After a hearing on the matter, the circuit court granted summary judgment to the appellee in its July 1, 2009 order.

Specifically, the circuit court found in its order that pursuant to W. Va.Code § 11A–4–4(b) (1994), the appellants must prove by clear and convincing evidence that the appellee did not exercise reasonably diligent efforts to provide them with notice of their right to redeem the property. According to the circuit court, the appellants were not reasonably identifiable from the records in the clerk's office. The circuit court explained that the appellants' quitclaim deed was not indexed under the name of Bill Reynolds or Rose Reynolds or indexed in such a manner as to allow a title examiner to determine that an interest in lands owned by Bill Reynolds and Rose Reynolds was being conveyed to another person. Furthermore, reasoned the circuit court, there were no probate or other records filed in the clerk's office giving notice to any interested person of the pendency of an estate for Bill Reynolds and Rose Reynolds. Moreover, the circuit court found that the burden is on the person seeking to protect himself or herself against the claims of others to see that all of the prerequisites of a valid and complete recordation are complied with. The circuit court concluded that the appellants failed to do this by not having their quitclaim deed indexed in such a manner as to give constructive notice to third parties of the appellants' interest in the subject property.[6]

## II.

### STANDARD OF REVIEW

This Court is asked in this case to review an order granting summary judg-

---

5.  Rose Reynolds is also deceased.

6.  According to an affidavit submitted below of the person who conducted the title examination on the subject property, she examined the records maintained in the county clerk's office and determined that Bill Reynolds and Rose Reynolds were the record owners of the subject property and that there have never been any probate records filed with the county clerk's office indicating that either Bill Reynolds or Rose Reynolds is now deceased. Further, the title examiner attested that there have never been any deed transfers indexed under the name of either Bill Reynolds or Rose Reynolds, or under the name of their respective estates or any records indicating who may have been an heir to the estate of either Bill Reynolds or Rose Reynolds.

ment. It is well established that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Further, this Court applies the same standard as the circuit court when ruling on a motion for summary judgment. Pursuant to this standard, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 59, 459 S.E.2d 329, 336 (1995) (citations omitted). With these standards to guide us, we now consider the issue in this case.

## III.

## DISCUSSION

■ The sole issue in this case is whether the appellee exercised reasonable diligence to provide notice to the appellants of their right to redeem the subject property. According to W. Va.Code § 11A–4–4(b),

No title acquired pursuant to this article[7] shall be set aside in the absence of a showing by clear and convincing evidence that the person who originally acquired such title failed to exercise reasonably diligent efforts to provide notice of his intention to acquire such title to the complaining party or his predecessors in title. (Footnote added.).

Black's Law Dictionary 523 (9th ed.2009), defines "reasonable diligence" as "[a] fair degree of diligence expected from someone of ordinary prudence under circumstances like those at issue." As noted above, the circuit court found that the appellants failed to show a lack of reasonable diligence on the part of the appellee. According to the circuit court, the appellants were not reasonably identifiable from the records in the clerk's office. We disagree with the circuit court.

■ In this Court's recent opinion in *Wells Fargo Bank, N.A. v. UP Ventures, II*, 223 W.Va. 407, 675 S.E.2d 883 (2009), we held in Syllabus Point 1 that,

Under *W. Va.Code*, 11A–3–19(a), a tax sale purchaser is required to provide notice to parties who are of record at any time after the thirty-first day of October of the year following the sheriff's sale, and on or before the thirty-first day of December of the same year. *W. Va.Code*, 11A–3–19(a)(1) does not require a tax sale purchaser to supplement this list going forward to discover parties who became of record after the thirty-first day of December of the year following the sheriff's sale, or to provide additional redemption notice before the tax deed is delivered.

As set forth above, upon purchasing the tax lien on the subject property, the appellee received a certificate of sale from the sheriff which listed the names of both Bill Reynolds and Beverly Haynes as taxpayers of the property that was delinquent for the taxes. The appellee mailed a notice of the right to redeem the subject property to Bill Reynolds and he searched the public records in the county clerk's office for any deed transfers indexed under the name of Bill Reynolds. The appellee also mailed a notice of the right to redeem to Beverly Haynes. Significantly, the appellee failed to search the public records in the county clerk's office for deed transfers indexed under the name of Beverly Haynes who was listed as a taxpayer on the property in the certificate of sale given to the appellee. If the appellee had done so, he would have discovered the February 8, 2006 quitclaim deed conveying the subject property by Beverly Haynes to the appellants and filed in the county clerk's office on June 7, 2006. Because Beverly Haynes' name appeared as a taxpayer on the certificate of sale received by the appellee upon purchasing the tax lien for the subject property, this Court finds as a matter of law that reasonable diligence required that a search of the public records in the county clerk's office be made

---

**7.** Article 4, Chapter 11A of the West Virginia Code is titled "Remedies Relating To Tax Sales." The legislative purpose of this article is "to provide reasonable opportunities for delinquent taxpayers to protect their interests in their lands

and to provide reasonable remedies in certain circumstances for persons with interests in delinquent and escheated lands." W. Va.Code § 11A–4–1 (1994).

to determine whether there were any deed transfers indexed under the name of Beverly Haynes.[8]

Further, the appellants' deed was of record in the county clerk's office during the applicable time period as having received the subject property by quitclaim deed from Beverly Haynes. Consequently, the appellee was charged with exercising reasonable diligence to provide notice to the appellants of their right to redeem the property. Moreover, there is evidence in the record that the sheriff's office assessed the appellants for taxes on the subject property for the year 2007. Specifically, the record contains a statement of taxes due for the year 2007 sent by the Sheriff of Monroe County to the appellants. Pursuant to W. Va.Code § 11A-3-23(a) (1998),[9] "the owner of, *or any other person who was entitled to pay the taxes on,* any real estate for which a tax lien thereon was purchased by an individual may redeem at any time before a tax deed is issued for the real estate." (Emphasis added). Therefore, also as persons entitled to pay taxes on the property, the appellants can redeem the property.[10]

In sum, this Court finds as a matter of law that reasonable diligence required the appellee to search the public records in the county clerk's office for any deed transfers indexed under the name of Beverly Haynes in light of the fact that Beverly Haynes' name appeared as a taxpayer on the certificate of sale issued by the sheriff to the appellee after the appellee purchased the tax lien on the subject property. Because the appellee failed to conduct such a search, we conclude that the appellee failed to exercise reasonably diligent efforts to provide notice of the right of redemption of the subject property to the appellants. Accordingly, we reverse the circuit court's grant of summary judgment on behalf of the appellee, and we remand this case to the circuit court for proceedings consistent with our holding herein and for the court to permit the appellants to comply with W. Va.Code § 11A-4-4(a) and (c).

## IV.

## CONCLUSION

For the reasons set forth above, this Court reverses the July 1, 2009 order of the Circuit

**8.** In his brief to this Court, the appellee contends that the appellants were not the record owners of the property at the time the tax lien attached, and notice of the right to redeem was properly given to the appellants' predecessors in title who were Bill Reynolds and Rose Reynolds. The appellee explains that pursuant to W. Va.Code § 11A-1-2, the lien for the 2005 taxes assessed against the subject property attached to the property on July 1, 2004. Accordingly, anyone acquiring title to the property after that date would be charged with notice of that lien, and of the duty to pay those taxes before the taxes became delinquent. The appellee notes that the appellants acquired their deed to the property after the tax lien attached. As a result, they took whatever interest they acquired in the property subject to the tax lien. The appellee further posits that the appellants' acquisition of the subject property after the tax lien attached does not necessarily entitle them to notice of the right to redeem the property. In support of this position, the appellee cites the language of W. Va.Code § 11A-4-4(b) that requires the tax lien purchaser to provide notice of the right of redemption to the complaining party *or his predecessors in title.* Apparently, it is the appellee's position that he properly provided notice to the appellants' predecessors in title, Bill Reynolds and Rose Reynolds, through Beverly Haynes.

We find the appellee's argument to be unavailing. In the instant case, the sheriff's sale at which the appellee acquired the tax lien to the subject property occurred on October 24, 2006. Therefore, the appellee was required by W. Va. Code § 11A-4-4(b), to provide notice to parties who were of record at any time after October 31, 2007, and on or before December 31, 2007. This certainly includes the appellants who were of record as of June 7, 2006, which was several months prior to the sheriff's sale. Therefore, under our law, the appellee was required to provide notice to the appellants.

**9.** This code section was amended in 2010. This opinion cites to the 1998 version which was in effect at the time of the underlying proceedings.

**10.** In his brief to this Court, the appellee also contends that he had no duty to inquire at the county assessor's or sheriff's office in order to identify persons with an interest in the subject property. This contention is in response to the appellant's argument that the appellee had an additional duty, beyond a routine title examination, to inquire at the assessor's or sheriff's office to verify that Beverly Haynes was the only person with a redeemable interest in the property. In light of our disposition of this matter, we find it unnecessary to address this issue.

Court of Monroe County that granted summary judgment to Appellee Jerry I. Hoke, Sr., in an action to set aside a tax deed, and we remand for proceedings consistent with this opinion.

Reversed and remanded.