# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Mike Ross, Inc.,
a West Virginia Corporation,
and Waco Oil and Gas Co., Inc.,
a West Virginia Corporation,
Defendants Below, Petitioners

**FILED**

**October 20, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 16-1046  (Barbour County 14-C-35)

Zachary S. Bergdorf and
Rosalea Harker,
Plaintiffs Below, Respondents

## MEMORANDUM DECISION

Petitioners and Defendants Below Mike Ross, Inc., and Waco Oil and Gas Co., Inc., by by counsel Richard W. Gallagher and E. Ryan Kennedy, appeal the Circuit Court of Barbour County's October 7, 2016, summary judgment order that set aside a tax deed to a 65.15 acre parcel of land and declared it (and subsequent corrective deeds) null and void. Respondents and Plaintiffs Below Zackary S. Bergdorf and Rosalea Harker, by counsel William L. Frame, filed a response in support of the circuit court's order. Petitioners submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 29, 2000, Respondent Rosalea Harker purchased three parcels of land from Richard L. Boyce and Beth Ann Boyce, containing 41.53 acres, 70 acres, and 65.15 acres. This deed is of record in the Office of the County Clerk of Barbour County in Deed Book 382, Page 528. The real estate was assessed for tax year 2002. The 65.15 acre parcel was assessed as Ticket 3731, Map 7, Parcel 3, 65.15 AC SUR Cove Run.

The taxes were delinquent on the subject property in 2005 and 2006, but were redeemed in 2007 by Jennifer Greaser, the girlfriend of Respondent Zackary Bergdorf, Respondent Harker's son.[1]  Greaser had received a durable power of attorney for both respondents. Greaser had also completed a change of address form for all three tracts purchased by Respondent Harker

---

[1] Bergdorf was incarcerated on federal drug charges from September 5, 2007, to July 2, 2010.

1

when she tendered the durable power of attorney to the Barbour County Tax Office. This form changed the address from RR 1, Box 106-Z, Bruceton Mills, WV, 26525, to Rt. 2, Box 49 A, Tunnelton, WV, 26444. While the address was properly updated on the 41.53 and 70 acre parcels, the address for the 65.15 acre parcel was not, and continued to be listed as the Bruceton Mills address.

The taxes on the subject property became delinquent in 2009. On November 4, 2010, the Sheriff of Barbour County sold the tax lien on the 65.15 acre parcel to petitioners for a total consideration of $24,958.72. At the time of the tax sale, the address listed for Respondent Harker by the sheriff's office was the incorrect Bruceton Mills address.

After the sale of the tax lien on the subject property but prior to issuance of a tax deed, Respondent Harker conveyed the subject property to herself and Respondent Bergdorf, as joint tenants with rights of survivorship. This deed, dated February 11, 2011, was recorded on April 21, 2011, in the Office of the County Clerk of Barbour County in Deed Book 447, Page 100. Respondent Bergdorf's then current address appears on the front of this deed. Petitioners, through their attorney, conducted a title search of the subject property that overlooked the 2011 deed from Respondent Harker to herself and Respondent Bergdorf as joint tenants with rights of survivorship.

A Notice to Redeem was thereafter prepared by petitioners and tendered to the State Auditor's Office, as required by West Virginia Code § 11A-3-19(a). The notice was stamped as received by the Auditor's Office on December 21, 2011. The notice indicated that the legal description of the property was "65.15 SUR CLOVER RUN," and the name and address of those to be notified as "HARKER ROSALEA c/o ZACKARY BERGDORF, RR 1 BOX 106-Z, BRUCETON MILLS, WV 26525." The notice did not list Respondent Bergdorf separately as a person "to be notified" nor was he served with notice to redeem.

The Notice to Redeem, which was mailed to Respondent Harker's Bruceton Mills' address, was returned marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward." It is undisputed that petitioners made no additional effort to locate Respondent Harker's correct address. The notice was thereafter published in the Barbour Democrat, a newspaper of general circulation in Barbour County, for a period of three weeks beginning on February 8, 2012, pursuant to West Virginia Code § 11A-3-22(d). The publication listed the name of Rosalea Harker as the owner of the property.

A tax deed conveying "65.15 SUR COVE RUN, COVE DISTRICT" to petitioners was issued on April 1, 2012. It was recorded on April 30, 2012 in the Office of the County Clerk of Barbour County in Deed Book 452, Page 252.

On April 9, 2012, Respondent Bergdorf was informed by the clerk in the Barbour County Tax Office that the subject property had been sold for unpaid taxes. He thereafter sought to purchase from petitioners all of the subject property that was sold to them at the tax sale. According to deposition testimony of petitioners' employee, Brenda Bush, Respondent Bergdorf wanted to "make sure that he was getting everything back that was in the original deed that [petitioners] got back from the state. . . . And I informed him that the description of the property

2

matched exactly what [petitioners] had purchased."

On August 22, 2012, for the amount of $45,000, petitioners purportedly conveyed to Respondent Bergdorf only the surface interest in the subject property. Specifically, petitioners conveyed

> all of their right, title and interest in and to the surface of that property situate in Cove District, Barbour County, West Virginia, and appearing on the property tax records of said district, county and state as follows: Map 7, Parcel 3, 65.15 SUR, COVE RUN being property conveyed to the parties of the first part by Deed from G. Russell Rollyson, Jr., dated April 1, 2012, and of record in Deed Book 452, Page 252.

The deed was recorded on July 10, 2013, in the Office of the County Clerk of Barbour County in Deed Book 460, Page 637.

On May 30, 2014, respondents filed a complaint in the Circuit Court of Barbour County challenging the validity of petitioners' tax deed based upon petitioners' failure to serve Respondent Bergdorf with the Notice to Redeem and failure to serve Respondent Harker with legally sufficient notice such that respondents were entitled to have the tax deed declared null and void, be set aside, and title and ownership of the property be restored to them under West Virginia Code § 11A-4-4.[2] Respondents further alleged that petitioners failed to execute and deliver to Respondent Berger a deed to both the surface and mineral interests of the subject property and to "meet the statutory requirements to secure a deed to the subject property" under West Virginia Code § 11A-3-19 such that petitioners "shall lose all the benefits of [their] purchase." Respondents also sought to recover all royalties paid to petitioners for the oil and gas under the property.

Petitioners filed a motion to dismiss under West Virginia Rule of Civil Procedure 12(b)(6). By order entered March 4, 2015, the circuit court denied petitioners' motion.

The parties later filed cross-motions for summary judgment. By order entered July 29, 2016, the circuit court granted summary judgment in favor of respondents. The court concluded, as a matter of law, that petitioners failed to comply with the statutory requirements for providing both respondents with notice of their right to redeem the subject property. *See* W.Va. Code § 11A-3-19. The court further determined that respondents did not waive their rights under West

---

[2] West Virginia Code, § 11A-4-4(a), "Right to set aside deed when one entitled to notice not notified," provides, in part, as follows:

> If any person entitled to be notified under the provisions of section twenty-two or fifty-five, article three of this chapter is not served with the notice as therein required, and does not have actual knowledge that such notice has been given to others in time to protect his interests by redeeming the property, he, his heirs and assigns, may, before the expiration of three years following the delivery of the deed, institute a civil action to set aside the deed.

3

Virginia Code § 11A-4-4 based upon Respondent Bergdorf's transaction with petitioners on August 22, 2012, because Bergdorf was attempting to assert his right to have the tax deed set aside by negotiating directly with petitioners. In any event, the court found, the transaction would have no effect on Respondent Harker as she was not a party to that transaction. The circuit court thus made a preliminary finding that the tax deed should be set aside, conditioned upon respondents tendering to petitioners such amount of money that would have been required to redeem the property, pay subsequent year taxes, as well as interest at the rate of twelve percent (12%) per annum, taking into account the previous amount of money paid to petitioners by respondents.

On October 7, 2016, the circuit court entered a final order setting aside the tax deed noting that respondents previously tendered to counsel for petitioners the amount of $25,662.87, plus such additional amounts required by the court's prior order and a surplus payment of $24,832.72. Having concluded that the respondents have fully complied with West Virginia Code § 11A-4-4(c) and the July 29, 2016, order, the court ordered that the August of 2012, deed as well as two related corrective deeds, be set aside and declared null and void. The court further ordered that, pursuant to West Virginia Code § 11A-3-19(a), petitioners "shall lose all of the benefits of [their] purchase." This appeal followed.[3]

We review petitioner's appeal of the circuit court's order *de novo. See* Syl. Pt. 1, *Painter v. Peavy,* 192 W. Va. 189, 451 S.E.2d 755 (1994). (holding that "[a] circuit court's entry of summary judgment is reviewed *de novo*."). Under Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment should be granted "where the moving party shows by 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 59, 459 S.E.2d 329, 336 (1995) (footnote omitted).

We first address petitioners' argument that, as a matter of law, they complied with the statutory requirements for providing notice to respondents of their right to redeem the subject property. *See* W.Va. Code § 11A-3-19(a).[4] Petitioners contend that the only requirement at issue

---

[3] By order entered December 21, 2016, upon petitioners' motion, the circuit court granted a stay of its October 7, 2016, order pending resolution of this appeal.

[4] West Virginia Code § 11A-3-19 sets forth "[w]hat purchaser must do before the deed can be secured," and provides as follows:

> (a) At any time after October 31 of the year following the sheriff's sale, and on or before December 31 of the same year, the purchaser, his or her heirs or assigns, in order to secure a deed for the real estate subject to the tax lien or liens purchased, shall:
> (1) Prepare a list of those to be served with notice to redeem and request the State Auditor to prepare and serve the notice as provided in sections twenty-one and twenty-two of this article;

4

in this case is whether petitioner "[p]repare[d] a list of those to be served with notice to redeem and request[ed] the State Auditor to prepare and serve the notice as provided in sections twenty-one and twenty-two of this article[.]" W.Va. Code § 11A-3-19(a)(1). In fact, petitioners argue, they went beyond the requirements of the statute by hiring an attorney to examine the title of the subject property in order to determine who was entitled to notice, and, thereafter, took the additional step of providing notice to the owners of their right to redeem by causing notice to be published in the local newspaper of the county where the subject property is located. *See* W.Va. Code § 11A-3-22(d) (providing that "[i]f the address of any person entitled to notice . . . is unknown to the purchaser and cannot be discovered by due diligence on the part of the purchaser, the notice shall be served by publication as a Class III-0 legal advertisement in compliance with the provisions of . . . [§§ 59-3-1 et seq.] . . . and the publication area for the publication shall be the county in which the real estate is located."); *Mason v. Smith*, 233 W.Va. 673, 679, 760 S.E.2d 487, 493 (2014). Petitioners contend that, as a matter of law, they complied with the requirements of West Virginia Code § 11A-3-19(a) and were entitled to a summary judgment ruling in their favor.

As a threshold matter, we observe that petitioners timely instituted a civil action seeking to set aside the tax deed. *See* W.Va. Code § 11A-4-4(a) (stating, in relevant part, that "[i]f any person entitled to be notified . . . is not served with the notice as . . . required, and does not have actual knowledge that such notice has been given to others in time to protect his interests by redeeming the property, he, his heirs and assigns, may, before the expiration of three years following the delivery of the deed, institute a civil action to set aside the deed."). Further, the burden was on respondents to prove that they strictly complied with the statutory requirements. *See Mason*, 233 W. Va. at 680, 760 S.E.2d at 494 (concluding that "the tax deed grantee has the burden of proving compliance with the statutory steps required" (internal citation omitted)); Syl. Pt. 2, *State ex rel. Morgan v. Miller*, 177 W. Va. 97, 350 S.E.2d 724 (1986) (holding that "'[p]ersons seeking to obtain complete title to property sold for taxes must comply literally with

---

(2) When the real property subject to the tax lien is classified as Class II property, provide the State Auditor with the physical mailing address of the property that is subject to the tax lien or liens purchased;

(3) Provide the State Auditor with a list of any additional expenses incurred after January 1 of the year following the sheriff's sale for the preparation of the list of those to be served with notice to redeem including proof of the additional expenses in the form of receipts or other evidence of reasonable legal expenses incurred for the services of any attorney who has performed an examination of the title to the real estate and rendered written documentation used in the preparation of the list of those to be served with the notice to redeem;

(4) Deposit with the State Auditor a sum sufficient to cover the costs of preparing and serving the notice; and

(5) Present the purchaser's certificate of sale, or order of the county commission where the certificate has been lost or wrongfully withheld from the owner, to the State Auditor.

If the purchaser fails to meet these requirements, he or she shall lose all the benefits of his or her purchase.

the statutory requirements.' Syl. pt. 1, *Cook v. Duncan,* 171 W.Va. 747, 301 S.E.2d 837 (1983)."). Under West Virginia Code § 11A-3-19(a), if a tax deed purchaser "fails to meet these requirements, he or she shall lose all the benefits of his or her purchase." W.Va. Code § 11A-3-19(a)

In this case, Respondents Harker and Bergdorf were the owners of record of the subject property and, thus, were entitled to the notice of their right to redeem in the manner required by law. *See* W.Va. Code § 11A-3-22(b) (stating, in part, that "notice shall be served upon all persons residing or found in the state in the manner provided for serving process commencing a civil action or by certified mail . . . ."). Only if respondents, as persons entitled to notice, were unknown to petitioners and could not be "discovered by due diligence on the part of [petitioners], the notice shall be served by publication . . . ." W.Va. Code § 11A-3-22(d), in part.

At issue is whether petitioners acted with due diligence to discover the respondents' addresses before resorting to serving notice by publication. It is undisputed that the notice sent to Respondent Harker's incorrect address at Bruceton Mills was returned as undeliverable, "not able to forward." There is no evidence (or assertion) that petitioners made any additional effort to ensure service of actual notice by attempting to find an additional address for Harker, which, the Court finds, was reasonably ascertainable from county tax records through the exercise of due diligence. With regard to Respondent Bergdorf, petitioners failed even to include him on the "list of those to be served with notice to redeem," as required by West Virginia Code § 11A-3-19(a)(1), even though he was an owner of record during the redemption period.[5] *Id. See also* Syl. Pt. 1, in part, *Wells Fargo Bank v. UP Ventures II*, 223 W.Va. 407, 675 S.E.2d 883 (2009) (holding that "[u]nder W.Va. Code, 11A-3-19(a), a tax sale purchaser is required to provide notice to parties who are of record at any time after the thirty-first day of October of the year following the sheriff's sale, and on or before the thirty-first day of December of the same year."). Furthermore, Respondent Bergdorf's correct address was reasonably ascertainable as his name and then current mailing address appeared on the 2011 deed conveying the subject property from Harker to respondents as joint tenants with rights of survivorship. This Court has previously held that,

> "[g]enerally whatever is sufficient on the face of the record of title to land to direct a purchaser's attention to the prior rights and equities of third persons will put him upon an inquiry and will amount to notice to him. He is bound to take notice of everything disclosed by the record." Syl. pt. 4, *Simmons v. Simmons*, 85 W.Va. 25, 100 S.E.743 (1919).

*Mason*, 233 W.Va. at 674, 760 S.E.2d at 488, at syl. pt. 4.

Petitioners' claim that they exceeded the statutory requirements by hiring an attorney to examine the title to the subject property in order to determine who was entitled to the notice to

---

[5] To be clear, Respondent Harker's name appeared on the "Notice to Redeem Form" under "Name and address of those to be notified" as follows: "Harker Rosalea c/o Zachary [sic] Bergdorf, RR 1 Box 106-Z, Bruston [sic] Mills, WV 26525." As previously noted, the notice to Harker was returned as undeliverable. Neither Bergdorf's name nor address was included as one "to be served with notice to redeem[.]" W.Va. Code § 11A-3-19(a)(1).

6

redeem is of no moment. Petitioners' title attorney admitted that she failed to discover the conveyance from Respondent Harker to herself and Respondent Bergdorf as joint tenants which, in the exercise of due diligence, was readily ascertainable from the 2011 deed as was, in turn, Bergdorf's mailing address. Thus, as a matter of law, petitioners failed to strictly adhere to all of the requirements set forth in West Virginia Code § 11A-3-19(a) and, as such, the circuit court properly concluded that the tax deed be set aside and that petitioners lose all of the benefits of their purchase. *See Id.*

We next address petitioners' argument that respondents waived their right to challenge the validity of the tax deed by Respondent Bergdorf's purchase of the surface of the subject property directly from petitioners in August of 2012. "'To effect a waiver, there must be evidence which demonstrates that a party has intentionally relinquished a known right.'" Syl. Pt. 1, in part, *Potesta v. U.S. Fid. & Guar. Co.*, 202 W. Va. 308, 504 S.E.2d 135 (1998) (quoting Syl. Pt. 2, in part, *Ara v. Erie Ins. Co.*, 182 W.Va. 266, 387 S.E.2d 320 (1989)). The waiver may be either expressed or implied. *Potesta*, 202 W. Va. at 315, 504 S.E.2d at 142. "However, where the alleged waiver is implied, there must be clear and convincing evidence of the party's intent to relinquish the known right." *Id.* Furthermore, "[t]he burden of proof to establish waiver is on the party claiming the benefit of such waiver, and is never presumed." *Id.* (citing *Hamilton v. Republic Cas. Co.,* 102 W.Va. 32, 135 S.E. 259 [ (1926) ] ).

We find no error. First, we note that Respondent Harker was not a party to the August of 2012 transaction or deed; thus, petitioners' waiver argument does not apply to her. Further, according to petitioners' employee, Brenda Bush, Respondent Bergdorf sought to purchase "everything back that was in the original deed" to the subject property, and, indeed, Bush advised Bergdorf that "the description of the property matched exactly what [petitioners] had purchased." However, the 2012 deed purportedly conveyed only the surface of the subject property. Because he did not intend to purchase only the surface of the property, as a matter of law, Respondent Bergdorf did not intentionally relinquish his statutory right to have the tax deed to both the surface and mineral rights set aside. As such, respondents, "before the expiration of three years following the delivery of the deed, institute[d] [this] civil action to set aside the deed." W.Va. Code § 11A-4-4(a). We, therefore, affirm the circuit court's order in this regard.

Finally, petitioners raise two additional arguments on appeal. First, they contend that respondents are estopped from challenging the validity of the tax deed because "the time to assert any claim that Petitioners did not own the subject property . . . was prior to Harker standing silent while the transaction with Bergdorf closed in August 2012." According to petitioners, respondents acted inconsistently with their claim to the property when they entered into the "arms' length transaction" with petitioners. Petitioners rely on syllabus point two of *Stone v. Tyree*, 30 W. Va. 687, 5 S.E. 878 (1888), in which this Court held:

> [i]f the owner of real estate, whether he has legal title in him or not, permit such real estate to be sold, in his presence, by one who claims he has full power and authority to dispose of the same, it thereby becomes his duty to assert his claim then, and if he does not, but stands by and permits an innocent purchaser to buy such land, he is estopped thereafter from claiming such land of such innocent purchaser on the ground that the person of whom he purchased had no authority to sell such land.

7

Petitioners' argument is somewhat convoluted and fails to adequately explain how *Stone* applies here, particularly given the unique fact that one of the respondent owners was attempting to buy back the subject property. It is unclear who petitioners believe the "innocent purchaser" to be under this scenario. We, thus, reject petitioners' argument that, under *Stone*, respondents were estopped from challenging the validity of the tax sale following the August of 2012 transaction and deed.

Second, having determined that the sale of the tax deed was defective and that the equitable doctrines of waiver and estoppel do not apply, we need not address petitioners' remaining argument that the circuit court erred in considering extrinsic evidence to interpret the 2012 deed.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 20, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis